**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL JAMES BARNETT,

    Plaintiff-Appellant,

v.

STATE OF COLORADO,

    Defendant-Appellee.

No. 03-1225
(D. Colorado)
(D.C. No. 01-D-2533)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Daniel James Barnett, appearing *pro se*, appeals the district court's dismissal of his complaint against the State of Colorado for lack of subject matter

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction and failure to state a claim upon which relief can be granted. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

In 1995, Mr. Barnett pled guilty to harassment, a Class 3 misdemeanor,

which the plea court described as "almost stalking." In 1998, Mr. Barnett ran for

the Republican Party nomination for state representative in District 37, Arapahoe

County, Colorado. On May 2, 1998, the Arapahoe County Republican Party

convened an assembly to nominate candidates for various offices. The following

day, the Rocky Mountain News published an article concerning the assembly,

which stated in relevant part: "The District 37 race is to replace Rep. Martha

Kreutz . . . . Five candidates initially sought the District 37 nomination. But Dan

Barnett, convicted in a stalking incident involving one of Kreutz's daughters,

failed to show up."

On January 29, 1999, Mr. Barnett filed a defamation complaint against the

Rocky Mountain News in Colorado state court. The trial court dismissed Mr.

Barnett's complaint but denied the Rocky Mountain News' request for attorneys'

fees. Mr. Barnett appealed.

On April 26, 2001, the Colorado Court of Appeals affirmed the dismissal of

Mr. Barnett's complaint but remanded the case to the trial court for an award of

reasonable attorneys' fees to the Rocky Mountain News. Specifically, the court

-2-

concluded that although Mr. Barnett was convicted of harassment, not stalking, the article's use of the term "stalking" to describe his conviction was "substantially true," an absolute defense to Mr. Barnett's defamation claim. Thereafter, Mr. Barnett filed a petition for rehearing to the Colorado Court of Appeals as well as a petition for certiorari to the Colorado Supreme Court. Both petitions were denied.

On December 31, 2001, Mr. Barnett filed a *pro se* complaint against the State of Colorado in the United States District Court for the District of Colorado. In his complaint, Mr. Barnett alleged the State of Colorado, "in collusion with the media," was punishing him for a crime for which he was never charged. He also contended the Colorado state courts had improperly ordered him to pay court costs and failed to issue an injunction. In his claim for relief, Mr. Barnett sought the removal of a county court judge, removal of the Colorado Court of Appeals' decision from the Internet and seven million dollars in damages.

The case was referred to Magistrate Judge Craig B. Shaffer for all pretrial proceedings.[1] On March 1, 2002, the State of Colorado filed a motion to dismiss

---

[1] This case was originally assigned to the Honorable Zita L. Weinshienk. Judge Weinshienk, a senior judge, declined the case and the case was re-assigned to the Honorable Wiley Y. Daniel. On February 12, 2002, pursuant to the general plan for reassignment of cases, Judge Daniel reassigned the case to the Honorable Marcia S. Krieger. On March 26, 2003, Judge Krieger recused herself from the case. The case was re-assigned to Judge Daniel on April 2, 2003. Contrary to Mr. Barnett's argument on appeal, Judge Daniel never recused himself in this

for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), respectively. On June 27, 2002, the magistrate judge recommended granting the State's motion to dismiss. Specifically, the magistrate judge concluded the district court lacked jurisdiction under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)*; Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923). Alternatively, the magistrate judge found Mr. Barnett's complaint failed to comply with Fed.R.Civ.P. 8(a) and the State was immune from suit under the Eleventh Amendment.

Mr. Barnett then filed objections to the magistrate judge's recommendation. On February 13, 2003, the district court overruled Mr. Barnett's objections, adopted the magistrate judge's recommendation, and dismissed the complaint with prejudice.[2]

Thereafter, Mr. Barnett filed a motion for reconsideration, which the district court construed as a Rule 59(e) motion. The district court denied Mr. Barnett's motion on April 30, 2003. This appeal followed.

## II. Standard of Review

"We review de novo the district court's dismissal for lack of subject matter

case.

---

[2] On March 25, 2003, Mr. Barnett filed a motion for writ of mandamus to this Court, which was denied on April 3, 2003.

-4-

jurisdiction pursuant to Rule 12(b)(1), and review findings of jurisdictional facts for clear error." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citation omitted).

### III. Discussion

The district court properly dismissed Mr. Barnett's complaint for lack of subject matter jurisdiction based upon the *Rooker-Feldman* doctrine and the Eleventh Amendment.[3]

It is well established that only the United States Supreme Court has the authority to review final state court judgments. *Feldman*, 460 U.S. at 482. *See also* 28 U.S.C. § 1257. Accordingly, the *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citation omitted). This doctrine "prohibits a lower federal court from considering claims actually decided by a state court and claims 'inextricably intertwined' with a prior state-court judgment." *Kenman Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (citing *Rooker*, 263 U.S. at 415 and *Feldman*, 460 U.S. at 483 n. 16). A claim is

---

[3] Because the district court lacked subject matter jurisdiction over this case, this Court need not address whether the district court correctly found that Mr. Barnett's complaint failed to comply with Fed.R.Civ.P. 8.

"inextricably intertwined" with a prior state court judgment if "the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*." *Id.* at 476 (emphasis in original).

Here, the district court, liberally construing Mr. Barnett's complaint, determined that his true purpose in filing his federal complaint was to redress his dissatisfaction with the outcome of his state court defamation proceedings. We agree. In his complaint, Mr. Barnett attacks the Colorado Court of Appeals' April 26, 2001 decision and seeks an injunction preventing its publication on the Internet due to its falsity.[4] He also challenges the award of attorneys' fees against him. These claims are "inextricably intertwined" with the prior state court judgments and, in essence, seek impermissible appellate review of the state court judgments by the district court. Accordingly, the *Rooker-Feldman* doctrine applies and the district court properly determined it lacked subject matter jurisdiction over Mr. Barnett's complaint.

Even if Mr. Barnett's complaint could be construed as a constitutional challenge under 42 U.S.C. § 1983, his complaint is nonetheless barred by the Eleventh Amendment. We have repeatedly held that unless a state waives its

---

[4] It appears that the crux of Mr. Barnett's argument is that the Colorado Court of Appeals' April 26, 2001 decision falsely states he was convicted of "stalking." This argument is factually incorrect. The Colorado Court of Appeals' decision correctly states he was convicted of harassment.

immunity by consenting to suit or Congress has abrogated the state's sovereign immunity, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted), *cert. denied*, ___ U.S. ___, 123 S. Ct. 1908 (2003). The State of Colorado has not consented to be sued in this case and the United States Supreme Court has previously determined that Congress' passage of § 1983 did not abrogate the state's sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ruiz*, 299 F.3d at 1181.

Relying on *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002), Mr. Barnett argues the State of Colorado can be sued in this case and that his constitutional claims outweigh the application of the *Rooker-Feldman* doctrine. *Lapides* is inapplicable here. In *Lapides*, the United States Supreme Court held that a state's act in removing a lawsuit from state court to federal court constitutes a waiver of its Eleventh Amendment immunity. 535 U.S. at 616. Because Mr. Barnett initiated his lawsuit in federal court, no removal occurred. Moreover, *Lapides* did not address or otherwise limit the *Rooker-Feldman* doctrine.

## IV. Conclusion

The district court properly dismissed Mr. Barnett's complaint due to lack of

subject matter jurisdiction.  Accordingly, we **AFFIRM**.  All pending motions are denied.

                                        **Entered by the Court:**

                                        **TERRENCE L. O'BRIEN**
United States Circuit Judge